IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| SUZANNE Z. MUELLER, | NO. |
| Plaintiff, | COMPLAINT FOR NEGLIGENT SUPERVISION, NEGLIGENT RETENTION, NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SEXUAL HARASSMENT, AGE DISCRIMINATION, RETALIATION, AND WRONGFUL DISCHARGE |
| v. | |
| MOVE, INC., | |
| Defendant. | |

COMES NOW plaintiff Suzanne Z. Mueller, by and through her attorneys, LASHER HOLZAPFEL SPERRY & EBBERSON, P.L.L.C., and for causes of action against the named defendant states and alleges as follows:

## I.   **PRELIMINARY STATEMENT**

1.1    This is an action under the Washington Law Against Discrimination, RCW 49.60 *et seq.;* RCW 49.52 *et seq.;* and Washington common law for declaratory injunctive relief compensatory and monetary damages, costs, and attorney's fees. Plaintiff alleges that defendant harassed and discriminated against her on the basis of sex and age. During the time she worked for defendant Move, Inc., plaintiff was employed as the Senior Vice President of Industry Relations. Defendant failed to provide plaintiff with a safe working environment and failed to adequately supervise employees, including but not limited to, The Chief Revenue Officer, Raymond Picard.

COMPLAINT FOR DAMAGES -



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**1.2** Plaintiff further alleges that defendant committed the torts of intentional and negligent infliction of emotional distress, negligent supervision and retention and wrongful discharge. Plaintiff seeks injunctive relief, compensatory damages and all other damages allowed by law, and payment of costs and attorney's fees.

## II.     JURISDICTION AND VENUE

**2.1** Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's Complaint as if set forth herein at length.

**2.2** This Court has jurisdiction pursuant to RCW 4.92.010 et seq.

**2.3** This action arises under RCW 49.60 *et seq.*, and Washington State common law.

**2.4** At all relevant times, defendant Move, Inc. is a Delaware Corporation doing business within King County in the State of Washington, employing eight or more employees.

**2.5** At all relevant times the Executive Vice President of Sales, Raymond Picard, who was later promoted to Chief Revenue Officer, acted in a managerial and supervisory capacity on behalf of the Move, Inc.

**2.6** All acts complained of herein were committed by defendant while doing business in King County, Washington.

**2.7** Declaratory injunctive and equitable relief is sought pursuant to RCW 49.60 *et seq.*

**2.8** Costs and reasonable attorney's fees may be awarded pursuant to RCW 49.60.030 *et seq.*, and other Washington statutes.

## III.     STATEMENT OF CLAIMS

**3.1** Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's Complaint as if set forth herein at length.

**3.2** Plaintiff Suzanne Z. Mueller had been employed by defendant Move, Inc. since December 14, 2015 as the Senior Vice President of Industrial Relations.  She is a citizen and resident of the United States and resides in King County, Washington. Plaintiff is 56 years old.

**3.3** At all times hereto, Move, Inc. was and is responsible for all acts committed by its agents, representatives, and employees.



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

COMPLAINT FOR DAMAGES -

**3.4**     During her years of employment, plaintiff performed her duties well above expectation and had always received exceptional annual performance reviews.

**3.5**     At all material times hereto, the Chief Revenue Officer/the Executive Vice President of Sales, and the Executive Vice President of Software were in superior positions to plaintiff, and could and did supervise and direct her work activities.

**3.6**     During plaintiff's employment, the roles of Chief Revenue Officer/ Executive Vice President of Sales and the Executive Vice President of Software were held by men.

**3.7**     In 2016, after it became known that violent and sexual comments had been made by males at an industry event, the Senior Vice President of Sales, Raymond Picard, commented to the plaintiff "they were just being boys on a bus shooting the shit. Why do you want to penalize these guys for just a few random comments?"

**3.8**     In 2016, the Executive Vice President of Software said to plaintiff that "all field employees' cell phone expenses have been capped at the same amount, although I bet the women are going to ask for more because they talk more. Are you going to ask for more?"

**3.9**     In 2017, the Executive Vice President of Software said to plaintiff "What on earth does your family do with their mom traveling so much?"

**3.10**     The environment of harassment and discrimination was hostile and abusive towards women and unreasonably interfered with many female employees' work performance.  Said environment created an intimidating, hostile, and offensive working environment.

**3.11**     In 2019, an international women's day event was held where a panel of executive women from several industries met to network and discuss current issues. Plaintiff was the representative who attended on behalf of the defendant. Following the event, the Chief Revenue Officer commented "this women's event and panel is meaningless and made the entire day a waste of work time."

**3.12**     In 2019, the Chief Revenue Office told plaintiff "I don't know how you could think to lose weight on the road with your travel schedule and your metabolism is clearly slowing down."

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**3.13**    In 2019, a NAR Executive had been reported to the defendant for sexually harassing a female employee over dinner and at meetings. In response to the complaint, the Chief Executive Officer told plaintiff "but that's her job, and yours, to deal."

**3.14**    In 2019, the Chief Revenue Office told plaintiff "as a woman, you shouldn't walk anywhere outside the hotel after dark."

**3.15**    In the fall of 2019, a complaint was made by a female employee claiming that she had been sexually harassed in the workplace by the Vice President of National Association of Realtors, Chief Operating Officer, Ken Burlington. Plaintiff reported the harassment and supplied corroborating information to the Chief People Officer doing the investigation and to corporate legal counsel.

**3.16**    In 2017, in reviewing the plaintiff's expense reports, the Executive Vice President of Software said to the plaintiff "should I have to cover Tylenol on an expense report just because you got cramps or something?"

**3.17**    On May 4, 2020, plaintiff received notice that she had been chosen for layoff. She is one of the highest executive being laid off. It is believed and therefore averred that plaintiff's duties and responsibilities have been reassigned to a male employee.

**3.18**    Plaintiff was the subject of verbal, sexual innuendo and has suffered as a result of the sexually charged atmosphere.

**3.19**    The environment of harassment and discrimination was hostile and abusive towards women and unreasonably interfered with many female employees' work performance.  Said environment created an intimidating, hostile, and offensive working environment.

**3.20**    All those persons participating in the harassment and discriminatory conduct directed towards the plaintiff and other similarly situated females held superior positions and management roles at Move, Inc. with immediate or successor authority over plaintiff.

**3.21**    Defendant took no effectual action to stop the harassment directed at women despite actual and/or constructive knowledge of such unlawful activity, and, in fact, often condoned such harassment.

COMPLAINT FOR DAMAGES -

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**3.22**   Plaintiff found defendant's harassing conduct to be wholly unwelcome, and experienced substantial and enduring emotional distress as a direct result of defendant's conduct. Defendant acted in total disregard of the high probability of causing emotional distress to the plaintiff in that defendant knew, or should have known there was a high degree of probability that emotional distress would result to plaintiff from the harassment and discrimination and defendant acted in conscious disregard of those probable results.

**3.23**   The unlawful employment practices complained of in the above paragraphs were intentional and willful.

**3.24**   The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to plaintiff's rights as protected by state laws.

**3.25**   Defendant had a duty to refrain from inflicting emotional distress upon the plaintiff, but negligently breached this duty.  As a result of this breach of duty by defendant, plaintiff suffered damages in an amount to be proven at trial.

**3.26**   Defendant acted intentionally or recklessly, thereby causing severe emotional distress to plaintiff.  As a result of this breach of duty by defendant, plaintiff suffered damages in an amount to be proven at trial.

**3.27**   Defendant Move, Inc. failed to act to eliminate the harassment, discrimination and retaliation at its facilities, and was negligent in its supervision and its retention of its supervisory employees and other employees, thus breaching a duty it owed to plaintiff.  As a result of this breach of duty, plaintiff suffered damages in an amount to be proven at trial.

**3.28**   As a result of defendant's conduct, plaintiff has suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other non-pecuniary losses.

## IV.   FIRST CAUSE OF ACTION:  NEGLIGENT RETENTION

**4.1**   Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's Complaint as if set forth herein at length.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**4.2**     Defendant Move, Inc. breached its duty of care owed to plaintiff by failing to provide plaintiff with a safe working environment.

**4.3**     At all material times hereto, The Chief Revenue Officer/the Executive Vice President of Sales and the Executive Vice President of Software were employees of Move, Inc.

**4.4**     At all material times hereto, Move, Inc. knew or should have known of the inappropriate conduct, and that these employees were unfit for their positions.

**4.5**     As a direct and proximate result of Move, Inc.'s negligent retention of The Chief Revenue Officer/the Executive Vice President of Sales and the Executive Vice President of Software, plaintiff has been harmed in an amount to be proven at trial.

## V.     SECOND CAUSE OF ACTION:  NEGLIGENT SUPERVISION

**5.1**     Plaintiff herein incorporates the foregoing paragraphs to plaintiff's Complaint as if set forth herein at length.

**5.2**     At all material times hereto, The Chief Revenue Officer/the Executive Vice President of Sales and the Executive Vice President of Software were employees of Move, Inc.

**5.3**     At all material times hereto, Move, Inc. knew or should have known, with reasonable investigation of their inappropriate conduct.

**5.4**     Move, Inc. failed to adequately supervise and control the inappropriate behavior of these individuals and others.

**5.5**     Defendant failed to prevent, remedy or reprimand the unlawful activities described above as perpetuated and participated in by supervisory personnel and other personnel of authority at Move, Inc.

**5.6**     As plaintiff's employer, Move, Inc. had a duty to provide a safe workplace.

**5.7**     Move, Inc. breached its duty to provide a safe workplace for plaintiff.

**5.8**     As a direct and proximate result of Move, Inc.'s failure to adequately supervise its employees, and its failure to take meaningful action within a reasonable time to correct the

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

atmosphere of harassment and to take reasonable action against the employees who participated in such harassment, plaintiff has been harmed in an amount to be proven at trial.

## VI.    THIRD CAUSE OF ACTION:  WASHINGTON LAWS AGAINST DISCRIMINATION

**6.1**    Plaintiff incorporates herein by reference all the foregoing paragraphs of her Complaint as if fully set forth herein at length.

**6.2**    The above-described harassment on the basis of sex is a violation of RCW 49.60 *et seq.*, and Washington common law.

**6.3**    Plaintiff was a victim of sexual harassment and age and gender discrimination by the defendant, which would not have occurred but for her sex and age.  The harassment and discrimination was sufficiently pervasive so as to affect the terms, conditions and/or privileges of employment by creating an intimidating, hostile and offensive working environment that any woman would have found offensive.  The actions made against plaintiff by defendant were due to plaintiff's gender and were not accidental, but were intentional, inappropriate, and demeaning in nature.

**6.4**    Defendant Move, Inc. knew, or should have known, of the hostile and offensive working environment created and sustained by its agents and employees, all of whom held a supervisory position at all times during the aforementioned harassment.  Move, Inc. took no action against various employees and agents, and did nothing to stop the retaliatory actions taken against plaintiff after she provided supporting facts in the sexual harassment investigation.

**6.5**    Defendant Move, Inc. is strictly liable for the actions of its agents and employees, and it knew or should have known of the unlawful conduct, as its agents and were direct or tacit participants in the unlawful discriminatory and retaliatory acts.  Defendant was negligent in failing to remedy, deter, or otherwise correct the unlawful discrimination and retaliation directed towards plaintiff, which was perpetuated, conducted and condoned by its own agents and employees.  Such

COMPLAINT FOR DAMAGES -

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

inaction on the part of defendant constituted a reckless indifference to the protected rights of plaintiff.

**6.6**   The unlawful employment practices complained of above were intentional.

**6.7**   The unlawful employment practices complained of above were done with malice or with reckless indifference to the unprotected rights of the plaintiff.

**6.8**   As a result of defendant's unlawful employment practices, plaintiff has been harmed in an amount to be proven at trial.

## VII.   FOURTH CAUSE OF ACTION:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**7.1**   Plaintiff hereby incorporates by reference the foregoing paragraphs of plaintiff's Complaint as if set forth herein at length.

**7.2**   Defendant acted in conscious disregard of the high probability of causing emotional distress to plaintiff.  Defendant knew, or should have known, there was a high degree of probability that emotional distress would result to plaintiff from the discriminatory and retaliatory conduct. Knowing this, defendant acted in conscious disregard of those probable results.

**7.3**   Defendant engaged in acts of sexual harassment and discrimination based upon gender and age, which caused plaintiff to suffer emotional distress and mental suffering. Defendant is liable for the intentional infliction of emotional distress and mental suffering incurred by the plaintiff in the past, present and future.

**7.4**   Defendant is vicariously liable under the doctrine of *repondeat superior* for its agent's actions that caused plaintiff to suffer emotional distress and mental suffering, and by way of its failure to take reasonably prompt and adequate corrective action calculated to end the discrimination and retaliation.  Defendant is thus liable for the intentional infliction of emotional distress and mental suffering incurred by the plaintiff in the past, present and future.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## VIII.   FIFTH CAUSE OF ACTION:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**8.1**     Plaintiff herein incorporates the foregoing paragraph of plaintiff's Complaint as if set forth herein at length.

**8.2**     Defendant acted in a negligent disregard of the high probability of causing emotional distress to plaintiff in that defendant knew or should have known that there was a high degree of probability that emotional distress would result to plaintiff from the unwelcomed discrimination and retaliatory conduct.  Knowing this, defendant acted in negligent disregard of those probable results.

**8.3**     Defendant acted negligently in its conduct, knowing that emotional distress would result to plaintiff from the discriminatory and retaliatory conduct.  Knowing this, the defendant acted in conscious disregard.

**8.4**     Certain acts of harassment and retaliation engaged in by defendant's agents caused plaintiff to suffer emotional distress and mental suffering incurred by the plaintiff in the past, present, and future.

## XII.   SIXTH CAUSE OF ACTION:   WRONGFUL DISCHARGE

**9.1**     Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's complaint as if set forth herein at length.

**9.2**     At all material times hereto, plaintiff was successfully employed by Move, Inc..

**9.3**     Plaintiff was wrongfully terminated from employment based upon plaintiff's exercise of statutorily protected rights, to wit, the reporting of and participation in a sexual harassment investigation.

**9.4**     Said termination was intentional and wrongful and violates the laws of the State of Washington and defendant's policies.

**9.5**     As a result of defendant's illegal conduct, plaintiff has been injured in an amount to be proven at trial.



LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
FAX 206 340-2563

COMPLAINT FOR DAMAGES -

## XIII.   SEVENTH CAUSE OF ACTION:  RETALIATION

**10.1**    Plaintiff herein incorporates the foregoing paragraphs to plaintiff's complaint as if set forth herein at length.

**10.2**    At all material times hereto, plaintiff was successfully employed by Move, Inc..

**10.3**    Move, Inc. engaged in a pattern and practice of retaliating against the plaintiff for plaintiff's participation and support of coworkers' complaints of sexual harassment.

**10.4**    Move, Inc. engaged in retaliatory acts including, but not limited discharge.

**10.5**    Termination of employment is an adverse employment actions.

**10.6**    As a direct and proximate result of defendant's retaliatory conduct, plaintiff has been damaged in an amount to be proven at trial.

## XIV.   PRAYER FOR RELIEF

Wherefore, plaintiff Suzanne Z. Mueller respectfully requests that this Court:

(1)    Grant a permanent injunction enjoining defendant, his officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the unlawful bases detailed above;

(2)    Order defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of his past and present unlawful employment practices;

(3)    Order defendant to make plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of his unlawful employment practices;

(4)    Order defendant to make plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial;

COMPLAINT FOR DAMAGES -

LASKER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

(5)     Order defendant to make plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the above paragraphs, including without limitation emotional pain, suffering, anguish, and loss of enjoyment of life, damage to reputation in amounts to be determined at trial;

(6)     Award plaintiff all of the recoverable costs of this action, attorneys' fees and prejudgment interest.

(7)     Grant any additional or further relief as provided by law which this Court finds appropriate, equitable, or just;

DATED this 17th day of August, 2020.

LASHER HOLZAPFEL
SPERRY & EBBERSON, P.L.L.C.


By: s/ Robin Williams Phillips
     Robin Williams Phillips, WSBA #17947
     Attorney for Plaintiff Suzanne Z. Mueller

COMPLAINT FOR DAMAGES -

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563